DWINNELL *v.* DULUTH, SOUTH SHORE & ATLANTIC
RAILWAY CO.

1. Carriers—Liability For Goods Receipted For—Estoppel—
"Shipper's Load and Count."

When a carrier receipts for goods with full knowledge of
the amount shipped, it is estopped from denying the terms
and conditions of its receipt, but when the language
"shipper's load and count" is inserted in the bill of lading
pursuant to 39 U. S. Stat. p. 541, it is not so estopped,
because it has not made the count, although it is liable
for the loss of any goods actually delivered to and accepted
by it for carriage.

2. Same—Effect of Notation "Shipper's Load and Count" is
to Cast Burden of Proof Upon Shipper.

The effect of the notation, "shipper's load and count," in
a bill of lading is that the carrier does not agree that the
number of bundles stated is there, because it is the count
of the shipper, and the carrier is not bound by it, and
if a loss is claimed it is incumbent upon the shipper to
prove the number of bundles put into the car and the
number taken out at destination, thus proving its loss.

Error to Chippewa; Fead (Louis H.), J.    Submitted January 11, 1928; resubmitted March 27, 1928.
(Docket No. 111.)    Decided April 3, 1928.

Assumpsit by Clifton H. Dwinnell and others,
trustees for the Northwestern Leather Company,
against the Duluth, South Shore & Atlantic Railway
Company for the value of leather shipped.    Judgment
for plaintiffs.    Defendant brings error.    Affirmed.

*Ralph R. Eldredge* (*Albert E. Miller* and *Warner
& Sullivan*, of counsel), for appellant.

*McDonald & Kaltz*, for appellee.

---

[1]Carriers, 10 C. J. § 254; 4 R. C. L. 914; [2]Id., 10 C. J. § 570.

Potter, J.    Plaintiffs, as trustees of the Northwestern Leather Company, brought suit against the Duluth, South Shore & Atlantic Railway Company, defendant, to recover the value of certain leather alleged by plaintiffs to have been shipped to the Northwestern Leather Company at Boston from Sault Ste. Marie, Michigan.    The leather was loaded by plaintiffs at their tannery in Sault Ste. Marie and receipted for by the defendant's local agent.    The bill of lading contained the language "Shipper's load and count."

Section 21 of the bill of lading act of August 29, 1916 (39 U. S. Stat. p. 541), provides, among other things:

"The carrier may also by inserting in the bill of lading the words 'shipper's weight, load, and count,' or other words of like purport indicate that the goods were loaded by the shipper and the description of them made by him; and if such statement be true, the carrier shall not be liable for damages caused by the improper loading or by the nonreceipt or by the misdescription of the goods described in the bill of lading."

In *Louisiana State Rice Milling Co.* v. *Steamship Co.*, 34 I. C. C. 511, it is said:

"We do not think, however, that the 'shipper's load and count' provision here in question is such a limitation upon carriers' liability as is contemplated by the prohibitions of this amendment.    It does not appear that this rule operates to limit the liability of the carrier for the full value of the property shipped but, in its application to a claim for loss because of alleged failure to deliver the whole amount transported, has the effect of placing the burden upon the shipper who loads on his private side track to prove that the amount specified was loaded and that a less amount was taken out of the car by the consignee; whereas in the case of a receipt not so qualified the burden is upon the carrier to prove that the amount specified in the bill of lading was either not in fact loaded, or was delivered, or otherwise to settle for the full value thereof."

When the carrier receipts for goods with full knowl-

edge of the amount shipped it is estopped from denying the terms and conditions of its receipt. When the language "shipper's load and count" is inserted in the bill of lading, the carrier is not estopped, because it has not made the count. The carrier is liable for the loss of any goods actually delivered to and accepted by it for carriage.

The court charged in relation to the notation on the bills of lading "shipper's load and count:"

"The effect of that notation upon the bill of lading is that the railroad company does not guarantee and has not counted and does not agree that the number of bundles stated upon the bill of lading are there. It is a count of the shipper, and the railroad company is not bound by that count. * * * It is incumbent upon the plaintiff to prove, by a preponderance of the evidence, the amount of leather which was put into the car and the amount which was taken out of the car by the trucking company, acting as its agent. If the same amount was taken out that was put in, then, of course, there would be no loss. In other words, if the plaintiff has not sustained the burden of showing that more was put in than was taken out, then it has not sustained the burden of proving its case."

There was testimony supporting plaintiff's right of action. The case was submitted to the jury on a fair charge, and the verdict and judgment should be affirmed, with costs.

North, Fellows, Wiest, Clark, McDonald, and Sharpe, JJ., concurred. Fead, C. J., did not sit.